UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                           )
MICHAEL WAYNE ARNOLD,      )
        Plaintiff,         )
                           )
     v.                    )    C.A. No. 15-080 S
                           )
A.T. WALL, et al.,         )
        Defendants.        )
_____)
```

MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff Michael Wayne Arnold's Amended Complaint, in which he alleges violations of his rights under the Fifth,[1] Eighth, and Fourteenth Amendments to the United States Constitution. Arnold names as Defendants A.T. Wall, Director of the Rhode Island Department of Corrections and a number of officials and officers at the Adult Correctional Institutions. All Defendants are sued in their individual capacities. Arnold seeks injunctive and declaratory relief as well as compensatory damages.

The Court is required to screen the Amended Complaint pursuant to 28 U.S.C. § 1915A.

---

[1] In the body of the Amended Complaint, Arnold does not mention the Fifth Amendment. However, as he is a state prisoner and his allegations are all against state actors, his due process claims would arise under the Fourteenth Amendment in any event, not the Fifth.

I.  Facts and Background

The gravamen of Arnold's Amended Complaint is that he was assaulted by a prison guard, Correctional Officer ("C/O") Gass, in the course of a midnight raid on the unit in which he was housed.  According to Arnold, Director Wall, Warden Jankowski, and "John Doe in Army Pants," the leader of a private security team supervising the raid, observed the assault and did not respond.  Arnold states that he was injured, denied medical care, and left covered in feces for four days.  He further states that his efforts to file a criminal complaint against C/O Gass were thwarted by Inspector Wells and that several individuals conspired to cover up the assault. As a result of the foregoing allegations, Arnold claims that he was subjected to cruel and unusual punishment and that his right to due process was violated.

On March 2, 2015, Arnold filed a pro se Complaint[2] (ECF No. 1).  The Court issued an Order (ECF No. 3) on March 25, 2015, directing Arnold to file an Amended Complaint which complied with Federal Rules of Civil Procedure 8(a) and 10(b) and stating that it would then re-screen the Amended Complaint.

---

[2] Arnold filed a previous case pursuant to 28 U.S.C. § 2254 based on the incident described above.  See Arnold v. Wall, C.A. No. 15-031-ML (D.R.I. 2015).  That case was dismissed without prejudice to being refiled as a civil rights action.  See id.

The Court received Arnold's Amended Complaint (ECF No. 4) on April 13, 2015.

II. Discussion

    A.   Screening under 28 U.S.C. § 1915A

Although Arnold has paid the filing fee, 28 U.S.C. § 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.[3]

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the

---

[3] Section 1915A provides in relevant part:

**(a) Screening.**-- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**-- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a
    claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is
    immune from such relief.

28 U.S.C. § 1915A.

standard used when ruling on a Rule 12(b)(6) motion. See Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). In making this determination, the Court must accept a plaintiff's well-pled allegations as true and construe them in the light most favorable to him. See Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999); Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998). Although the Court must review pleadings of a pro se plaintiff liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions, Iqbal, 556 U.S. at 678-79.

   B.  Amended Complaint

Arnold's Amendment complies with the aforementioned Federal Rules of Civil Procedure. In addition, he provides details, gives specific dates on which each event occurred, and states which Defendant committed each violation of his rights. In short, Arnold's Amended Complaint contains "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Iqbal, 566 U.S. at 678 (quoting Twombly, 550 U.S. at 570), at this initial stage.[4]  Accordingly, Arnold shall be allowed to proceed with his Amended Complaint.

IT IS SO ORDERED.

*/s/ William E. Smith*
_____
William E. Smith
Chief Judge
Date: May 27, 2015

---

[4] In so concluding, the Court expresses no opinion as to the merits of Arnold's claims.