UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL WAYNE ARNOLD      :
                          :
        v.                :        C.A. No. 15-080S
                          :
ASHBEL T. WALL, et. al.   :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Michael Wayne Arnold's Motion for Permission to Appeal In Forma Pauperis ("IFP"). (Document No. 18). Plaintiff submitted an Affidavit in support of his Motion. The Inmate Account Statement submitted with his Application indicates that he has a spending balance of $7.03 as of September 18, 2015. (Document No. 18-1 at p. 3).

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal IFP. Fed. R. App. P. 24(a) requires a litigant seeking IFP status on appeal to provide the District Court with an affidavit that (1) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.

Plaintiff has demonstrated his inability to pay, and has filed a "Notice of Appeal" which satisfies the second and third requirements of Fed. R. App. P. 24(a). Nevertheless, I recommend that his Motion to Appeal IFP be DENIED because his appeal is without merit. Plaintiff's right to appeal IFP is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in

good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, C.A. No. 04-380T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff is attempting to appeal an interlocutory order which denied, without prejudice, his Motion for Appointment of Counsel. (Document No. 7). The Court's Memorandum and Order is not a "final judgment" subject to appeal. A final judgment pursuant to Fed. R. Civ. P. 54(b) is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Moreover, Plaintiff's attempted appeal does not qualify as an exception to the "final judgment rule" under either the collateral order doctrine or as an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The collateral order doctrine permits interlocutory review of orders that are collateral to the rights underlying the action, and which have a "final and irreparable effect on the rights of the parties." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949). In this case, the Order Plaintiff seeks to appeal has no final or irreparable effect on the parties. For the same reasons, the Court will not certify the appeal under 28 U.S.C. § 1292(b). Section 1292(b), 28 United States Code, permits appeals from interlocutory orders when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal without § 1292 certification or the aid of the collateral order doctrine has no basis in law. Accordingly, this Court recommends that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Motion to Appeal IFP.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 21, 2015